

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

November 9, 1970

Mr. Charles Murphy
Director
Texas Aeronautics Commission
P.O. Box 12607
Capitol Station
Austin, Texas 78711

Opinion No. M- 725

Re: Grant of Airport Aid Funds
to the City of Texarkana, Texas
under Article 46c-6, Sub-
division 10, V.C.S.

Dear Mr. Murphy:

In your recent request concerning the subject matter, you request answers to the two following questions:

1. Does the City of Texarkana, Texas, qualify for a state grant from the Texas Aeronautics Commission under Article 46c-6, Subdivision 10, when the airport facility is located in Arkansas?

2. If so, is it qualified where it shares ownership of the airport facility jointly with the City of Texarkana, Arkansas?

Based upon your representation, actual joint ownership of Arkansas land by the joint cities of Texarkana is presumed.

The pertinent portion of Article 46c-6, Subdivision 10, Vernon's Civil Statutes, reads as follows:

"When in the discretion of the Commission the public interest will best be served, and the governmental function of the state or its political subdivisions relative to aeronautics will best be discharged, it may grant or loan funds, appropriated to it for that purpose by the Legislature, to any state agency with a governing board that is authorized to operate airports, and to any incorporated city, town or village in this state for the establishment, construction, reconstruction, enlargement

-3506-

or repair of airports, airstrips or air navigational facilities. Provided that any such funds must be expended by the city, town or village for the purpose provided herein and in conformity with the laws of this state and with the rules and regulations which the Commission is hereby authorized to promulgate." [Emphasis added.]

No consideration is given to the various express requirements imposed upon municipalities in order to qualify for grants or loans contained in the balance of Subdivision 10 not quoted above. It is assumed, for purposes of this opinion, that they have been or can be met by the city to the satisfaction of the Texas Aeronautics Commission.

With this assumption in mind, it seems clear that the City of Texarkana, Texas would be eligible for a grant when its facility was located in Texas.

Analysis of the quoted portion of the statute produces neither an express prohibition against nor approval of making a grant to a city where the airport is in another state. The answers must be found elsewhere.

Article 46d, Vernon's Civil Statutes, known as the Municipal Airports Act, contains the powers and duties of municipalities operating airports for public use.

Section 2 (a) provides:

"Establishment, Operation, Land Acquisition. Every municipality is authorized, out of any appropriations or other moneys made available for such purposes, to plan, establish, develop, construct, enlarge, improve, maintain, equip, operate, regulate, protect and police airports and air navigation facilities, either within or without the territorial limits of such municipality and within or without the territorial boundaries of this State, including the construction, installation, equipment, maintenance and operation at such airports of buildings and other facilities for the servicing of aircraft or for the comfort and accommodation of air travelers, and the purchase and sale of supplies, goods and commodities as an incident to the operation of its airport properties. For such purposes the municipality may

> use any available property that it may now or hereafter
> own or control and may, by purchase, gift, devise, lease,
> eminent domain proceedings or otherwise, acquire property,
> real or personal, . . . as are necessary to permit safe
> and efficient operation of the airport. . . " [Emphasis added.]

Section 12 (a) reads:

> "Acceptance Authorized, Conditions. Every municipality
> is authorized to accept, receive, receipt for, disburse and
> expend Federal and State moneys and other moneys, public
> or private, made available by grant or loan or both to
> accomplish, in whole or in part, any of the purposes of this
> Act. . ."

A close reading of both of the above-quoted sections reveals that the Legislature intended for all Texas municipalities to be governed by the Act, regardless of the location of airport facilities. Coupled with the express wording of Section 12 (a) allowing such a municipality to receive and use State funds, the answer to the first question is affirmative.

This is possible when the rule of statutory construction, pari materia, is applied to Articles 46c and 46d. The rule which requires that different statutes dealing with the same subject matter be construed together was well stated in Trinity Universal Insurance Co. v. McLaughlin, 373 S.W. 2d 66 (Tex. Civ. App. 1963, error ref'd.), where in it was held:

> "The rule for construing statutes which are in pari
> materia is stated in 39 Tex. Jur., Statutes, Sec. 135,
> as follows:
>
> " 'The purpose of the in pari materia rule of con-
> struction is to carry out the full legislative intent,
> by giving effect to all laws and provisions bearing
> upon the same subject.
>
> " ' * * * Any conflict between their provisions will
> be harmonized, if possible, and effect will be given
> to all the provisions of each act if they can be made
> to stand together and have concurrent efficacy. ' "

The answer to your second question is also found in Article 46d, Section 14 (a), which reads as follows:

> "Authorization. For the purposes of this Section, unless otherwise qualified, the term 'public agency' includes municipality, as defined in this Act, any agency of the State government and of the United States, and any municipality, political subdivision and agency of another State; and the term 'governing body' means the governing body of a county or municipality, and the head of the agency if the public agency is other than a county or municipality. All powers, privileges and <u>authority granted to any municipality by this Act may be exercised and enjoyed jointly with any public agency of any other State</u> or of the United States to the extent that the laws of such other State or of the United States permits such joint exercise or enjoyment. If not otherwise authorized by law, any agency of the State government when acting jointly with any municipality, may exercise and enjoy all of the powers, privileges and authority conferred by this Act upon a municipality."
> [Emphasis added.]

Since Article 46d allows the joint operation of an airport by municipalities from various states, it follows that, in the absence of a prohibition found elsewhere, the Texas Aeronautics Commission could grant funds to a Texas municipality so involved. Since we are unable to find any other statutes prohibiting such funding, we must answer your second question in the affirmative. We offer no opinion as to whether the laws of the State of Arkansas would allow such an endeavor.

## SUMMARY

The City of Texarkana, Texas may receive a grant for airport construction from the Texas Aeronautics Commission where the city airport facility is located in the State of Arkansas. It is not disqualified because it owns the facility jointly with the City of Texarkana, Arkansas.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

-3509-

Prepared by Thomas F. Sedberry
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

W. O. Shultz
Glenn Brown
Linward Shivers
Roland Allen

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant