**TRINITY UNIVERSAL INSURANCE COMPANY, Appellant,**

v.

**J. C. McLAUGHLIN et al., Appellees.**

No. 11074.

Court of Civil Appeals of Texas.
Austin.

Nov. 6, 1963.

Rehearing Denied Nov. 27, 1963.
See 374 S.W.2d 350.

———◆———

Gay & Meyers, Bob Shannon, Austin, for appellant.

Waggoner Carr, Atty. Gen., Pat Bailey, Asst. Atty. Gen., Austin, for appellees.

HUGHES, Justice.

This suit arises from a Contract entered into between J. C. McLaughlin and the Texas State Highway Department on November 7, 1960, for road work to be performed by McLaughlin for a consideration of $176,841.20.

This work was duly performed by McLaughlin and accepted by the State Highway Department.

Appellant, Trinity Universal Insurance Company, is assignee of McLaughlin and brings this suit to recover the sum of $8,-817.36, the balance due under such road Contract, 5% of the contract price, which has been retained by the State Highway Department pursuant to the provisions of Art. 6674m, Vernon's Ann.Civ.St., for the reason that it has not been shown that, as required by such statute, "all sums of money due for any labor, materials, or equipment furnished for the purpose of such improvements made under any such contract have been paid."

The Contract referred to is one for "highway improvement." Art. 6674*l*, V.A.C.S.

Named as defendants herein were the members of the State Highway Commission, McLaughlin and certain other parties who were alleged to be asserting some claim to the funds sued for, the exact nature of such claims being unknown. Some of these alleged claimants filed disclaimers. None has answered.

Appellant prayed that the Highway Commissioners be required to pay such money retained by them under the McLaughlin Contract into the registry of the Trial Court, upon the payment of which they should be discharged of all liability herein, and that its claim to such funds be adjudicated superior to all other claimants and that it have judgment therefor.

The Highway Commissioners, by appropriate pleadings, say that they are immune from suit since this is a suit against the State without legislative consent. This plea was overruled. Judgment was rendered denying appellant any relief.

The case was tried on the pleadings. No evidence was introduced. We quote from the answer of the Commissioners:

"X. That the Defendant, F. C. McLaughlin, has not, pursuant to Article 6674m, Vernon's Civil Statutes, shown that all sums of money due for any labor, materials, or equipment furnished for the purpose of such improvements made under the aforesaid contract have been paid.

"XI. That the State Highway Department, has, in fact, been given notice that certain sums of money due for labor, materials, or equipment furnished for the purpose of such improvements made under the aforesaid contract have not been paid.

"XII. That the State Highway Department is, in fact, a mere stake-holder in the instant case and is ready, willing and able to tender the aforesaid sum that it is presently holding pursuant to the provisions of Article 6674m, Vernon's Civil Statutes, into the registry of this Court or to such party or parties as this Court may direct."

It is our opinion that the Trial Court correctly held that this was not a suit against the State in the sense that it could be maintained only with legislative permission. We base this conclusion upon the decision in Chapman v. Guaranty State Bank, 259 S.W. 972, Fort Worth Civil Appeals, reversed and *remanded*, 267 S.W. 690, Tex.Comm. of Appeals. That case involved a bank depositors' guaranty fund and the assets of an insolvent bank. In holding that a suit against the State Banking Commissioner who held such funds and assets for application to a claim of the plaintiff was not a suit against the State, the Court stated:

"It thus appears that the money appellees sought to recover is wholly within the control of the state banking board, payable only upon that board's warrants, and that fund, by the specific terms of the law, may not be considered as a state fund. The state, therefore, can only be interested in that fund indirectly; i.e., by the interest that the state has in seeing that its laws, enacted for the protection of her people, are duly executed. Other provisions of the act undoubtedly place the control of the assets, other than cash, such as notes, etc., of an insolvent state bank in process of liquidation, in the hands of the commissioner of insurance and banking and the banking board, and which may be disposed of within the sound discretion of the board and commissioner, under the regulations of the act by sale or otherwise, and thus made to add to the guaranty fund. But nowhere in the law do we find any expression indicating that the state has a pecuniary interest in the promissory notes and other assets of the insolvent bank which has been operating under the state bank deposit guaranty law. In 36 Cyc. p. 916, in treating of the subject under consideration, it is said:

" 'It seems that the rule which forbids a suit against state officers because in effect a suit against the state applies only where the interest of the state is through some contract or property right, and it is not enough that the state should have a mere interest in the vindication of its laws, or in their enforcement as affecting the public at large or the rights of individuals or corporations; it must be an interest of value in a material sense to the state as a distinct entity.' "

See also to the same effect Reagan v. Farmers Loan and Trust Co., 154 U.S. 362, 14 S.Ct. 1047, 38 L.Ed. 1014, cited and quoted from in Chapman, supra.

Neither the State nor the State Highway Department, if considered separately from the State, has any pecuniary or proprietary interest in the subject matter of this suit. No judgment affecting the State in any manner could be rendered in this case. The only concern which the Highway Department has here is to obey the statutes which have been enacted, not for its benefit, but for the protection of those persons falling within the classes named in Art. 6674m, supra. Since the State and the Highway Department are here merely passive parties, with no claim to assert or defend, we hold that the members of the State Highway Commission are not immune from this suit. See State v. Lain, 162 Tex. 549, 349 S.W.2d 579.

It is the contention of appellant that Art. 6674m should be construed along with other relevant statutes and be held to apply only to Contracts for $2000.00 or less.

We will notice such other statutes.

Art. 5472a, V.A.C.S., provides, in part, that any person furnishing labor or material, etc. to "any contractor under a prime contract where such prime contract does not exceed the sum of Two Thousand Dollars ($2,000) for any public improvements in this State" shall have a lien on the moneys etc. due or to become due under such contract upon timely giving written notice to the officials whose duty it is to pay such claim.

Art. 5472b, V.A.C.S., provides, in part, that when any public official who receives such notice shall retain sufficient of the moneys due such contractor to pay the claim of which it has had notice in case it is established by judgment. Art. 5472b–1 provides for a bond for a release of such impounded funds.

These statutes are in Title 90, Ch. 2, captioned LIENS, V.A.C.S.

Art. 5160, V.A.C.S., provides, in part, that any person as a "prime contractor" entering a formal contract in excess of $2000.00 with specified public bodies for "the construction, alteration or repair of any public building or the prosecution or completion of any public work" shall give a performance bond and a payment bond, the latter bond being for "the protection of all claimants supplying labor and material as hereinafter defined" in the prosecution of the work under the contract.

By complying with the provisions of this statute any claimant as therein defined may sue the principal and surety on the Payment Bond. This statute makes no provision for the public body to withhold any funds due the prime contractor under the contract.

Art. 5160 is found in Title 83, Ch. 4, captioned LABOR, V.A.C.S.

Articles 5160 and 5472a were amended by H.B. 344, Ch. 93, Acts 56th Leg., Reg. Sess., 1959, p. 155. We have, of course, described these statutes as amended and not as they read prior thereto.

We also note that Art. 6674m, supra, was amended by the Legislature about one month after it amended Arts. 5160 and 5472a, supra. H.B. 639, Ch. 434, Reg.Sess. 56th Leg.1959, p. 938.

■ We agree with appellant that all statutes enacted to protect furnishers of labor and materials on public works are in pari materia. C. A. Dunham Co. v. McKee, 57 S.W.2d 1132, El Paso Civ.App., writ ref.

■ The rule for construing statutes which are in pari materia is stated in 39 Tex.Jur., Statutes, Sec. 135, as follows:

"The purpose of the in pari materia rule of construction is to carry out the full legislative intent, by giving effect to all laws and provisions bearing upon the same subject.

"* * * Any conflict between their provisions will be harmonized, if possible, and effect will be given to all the provisions of each act if they can be made to stand together and have concurrent efficacy."

■ There is another rule of statutory construction, which we quote from Sec. 114 of the same authority:

"In case of conflict between a general provision and a special provision dealing with the same subject, the former is controlled or limited by the latter; and this is so whether the provisions in question are contained in the same act or in different enactments. In other words, when a statute makes a general provision apparently for all cases and a special provision for a particular case or class, the former yields and the latter prevails in so far as the particular case or class is concerned. In such circumstances, the special provision or statute is regarded as though it were an exception or proviso, removing something from the operation of the general law."

Application of these rules of statutory construction to these statutes compels us to hold that Art. 6674m should be enforced in accordance with its plain and unambiguous terms.

■ Art. 6674m is a statute which by its express terms is applicable only to contracts for highway improvements. As such it constitutes an exception or proviso to the statutes which prescribe rights and duties of the interested parties under con-

tracts for "public improvements" and "public work."

By thus giving effect to Art. 6674m we honor the statutes as enacted by the Legislature and exercise judicial restraint in refusing to rewrite it to suit litigants or, perhaps, ourselves.

▮ It seems obvious that if the Legislature had intended to restrict Art. 6674m to highway contracts for less than $2000.00 it would have so provided when it amended and re-enacted this statute shortly after it had written such restriction into laws pertaining to general public improvement contracts.

By post submission briefs our attention has been directed to an amendment made to Art. 6674m by the 58th Leg., Reg.Sess., Ch. 76, p. 129, by which provision for retention of a portion of the contract price for highway improvements after the work had been completed and accepted was eliminated. This amendment was subsequent to the judgment from which this appeal was taken.

▮▮ We must determine the effect of this amendment or repeal upon this suit. If it operates retroactively and validly so, then appellant is entitled to the relief sought. There is no question but that the amending or repealing statute has immediate effect. This is true because there is no saving clause as to pending suits or current public improvement contracts; hence, as to such, its effect is retroactive. The rules to be applied in resolving this question are stated in National Carloading Corp. v. Phoenix-El Paso Express, 142 Tex. 141, 176 S.W.2d 564, as follows:

"It is generally conceded that a right of action given by a statute may be taken away at any time, even after it has accrued and proceedings have been commenced to enforce it. 16 C.J.S., Constitutional Law, p. 1242, § 254. It is also well settled that if a statute giving a special remedy is repealed without a saving clause in favor of pending suits, all suits must stop where

the repeal finds them, and if final relief has not been obtained before the repeal becomes effective, it cannot be granted thereafter, and the repeal deprives the court of jurisdiction of the subject matter. * * *

"The plaintiff asserts that it has a vested right in the recovery herein and urges that to give a retroactive effect to the provision in question is violative of the Fifth Amendment of the Constitution of the United States, which prohibits deprivation of property without due process of law. * * *

"We think it therefore becomes evidence that the plaintiff does not possess such a vested right as to come within the inhibition of the Fifth Amendment. Such a right must be something more than a mere expectation based upon an anticipated continuance of the existing law. It must have become a title legal or equitable, to the present or future enjoyment of property, or to the present or future enforcement of a demand, or a legal exemption from the demand of another. If, before rights become vested in particular individuals, the convenience of the State induces amendment or repeal of the laws upon which they are based, these individuals are left without any remedy at law to enforce their claims; and if final relief has not been granted before the repeal goes into effect it cannot be granted thereafter, even if a judgment has been entered and the cause is pending upon appeal. The general rule is that when such law is repealed without a saving clause, it is considered, except as to transactions past and closed, as though it had never existed."

▮ Art. 6674m did not create any right in laborers or materialmen. It gave them no lien upon the retained money or any right to subject it to their claims. At most, it established a legislative policy permitting coercion of contractors to pay claims, even invalid or fictitious claims. The repeal of

this policy is of pure legislative concern. No claimant has a vested right in the continuation of such policy. We observe, in passing, that the obvious effect of this repeal is to enable contractors to defeat meritorious but technically inadequate claims of laborers and materialmen.

We are of the opinion that the State Highway Commissioners are withholding the money sued for without lawful authority. It is, therefore, ordered that the judgment of the Trial Court be reversed and judgment is here rendered that appellant recover of the State Highway Commissioners, in their official capacities and the State Highway Department the sum of $8,817.36.

All costs in this behalf expended are assessed against appellant.

Reversed and rendered.