**TRINITY UNIVERSAL INSURANCE COMPANY, Appellant,**

**v.**

**J. C. McLAUGHLIN et al., Appellees.**

**No. 11074.**

Court of Civil Appeals of Texas.

Austin.

Nov. 27, 1963.

HUGHES, Justice.

In appellees' Motion for Rehearing it is stated that "The Appellant and the Court have evidently overlooked the fact that the reason the Appellees are withholding certain moneys in the instant case is actually because of contractual provisions rather than the provisions found in Article 6674m."

The contract between McLaughlin and the Highway Department is not in the record. Appellees, in their answer, pleaded:

"That the State Highway Department presently is retaining the sum of Eight Thousand, Eight Hundred Seventeen Dollars and Thirty-six cents (8,817.36) pursuant to the provisions of Article 6674m, Vernon's Civil Statutes."

We accepted this statement, appellees are bound by it.

Appellees also contend that Art. 6674m, as it read when the McLaughlin contract was made, became a part of such contract. Conceding the correctness of this contention, it is of no avail to appellees.

The parties to the contract are the State of Texas and McLaughlin. The State, acting through the Legislature, has changed the Statute and, hence, the contract. The other party to the contract, the assignee of McLaughlin, approves and consents to such change. No one else, including the State Highway Department and the Attorney General, has any justiciable right to complain that constitutional rights of the contracting parties have been violated.

The motion is overruled.