

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

September 29, 1970

Hon. Robert W. Post
County Attorney
P. O. Box 110
Cuero, Texas       77954

Opinion No: M-697

Re:  Whether a minor defendant
     convicted under Art. 802e,
     Vernon's Penal Code, auto-
     matically has his operator's
     license suspended under the
     provisions of Sec. 24(a)(2),
     Art. 6687b, Vernon's Civil
     Statutes?

Dear Mr. Post:

You have recently asked an opinion of this office
concerning Article 802e, Vernon's Penal Code. Re-phrased,
your question is as follows:

> "A minor defendant was tried
> under Art. 802e of the Texas Penal
> Code. It was the interpretation by
> the County Judge and the County Attorney
> that the minor could retain his driver's
> license by provisions of Art. 802e.
> However, the Texas Department of Public
> Safety has issued a letter asking
> for susupension of the minor's operator's
> license.
> "Is an automatic suspension required
> under Art. 802e or is the interpretation
> reached by the then County Attorney
> correct?"

The pertinent parts of Article 802e read as follows:

> "Sec. 1. Any male minor who
> has passed his 14th birthday but has
> not reached his 17th birthday, and
> any female minor who has not reached
> her 18th birthday, and who drives
> or operates an automobile or any other
> motor vehicle on any public road or
> highway in this state or upon any
> street or alley within the limits

of any city, town or village, or upon
any beach as defined in Chapter 430,
Acts of the 51st Legislature,
1949, while under the influence of
intoxicating liquor, or who drives
or operates an automobile or any other
motor vehicle in such a way as to
violate any traffic law of this state,
shall be guilty of a misdemeanor and
shall be punished by a fine of not
more than One Hundred Dollars ($100.00)...."

"Sec. 2. No such minor, after
conviction or plea of guilty and imposition
of fine, shall be committed to any
jail in default of payment of the
fine imposed, but the court imposing
such fine shall have power to suspend
and take possession of such minor's
driving license and retain the same
until such fine has been paid." (Emphasis
Added)

According to Section 24(a)(2), Article 6687b, Vernon's
Civil Statutes, as last amended, the operator's license
of any individual is suspended for 12 months automatically
upon final conviction for the criminal offense of driving
while intoxicated. Gilbert v. State, 212 S.W.2d 182 (Tex.
Crim., 1948). This section makes no distinction as to
the particular article of the penal code under which
the final conviction supporting the suspension must be
had, nor does it limit, expressly or impliedly, the class
of persons subject to the suspension. Attorney General
Opinion No. V-1266 (1961). Significantly, the offense
of driving while intoxicated is prescribed by both Article
802 and Article 802e of the Penal Code.

Where the language of a statute is ambiguous, the
provisions thereof, may be interpreted by resort to two
primary rules of construction: First, the legislative
history, and secondly, the scheme or intent of the legislation
as made manifest by the similar subject matter sought
to be controlled or regulated. Barnes v. State, 170 S.W.
548 (Tex.Crim., 1941); Duval Corp. v. State, 407 S.W.2d
493 (1966).

Statutes dealing with the same general subject or
relating to the same matters may be considered as statutes
in pari materia, although they are passed at different times

or different sessions of the legislature. <u>Duval v. State</u>, supra. The goal of interpretation in utilizing this maxim is to carry out the full legislative intent by giving effect to all laws and provisions bearing upon the same subject. <u>Trinity Universal Ins, Co. v. McLaughlin</u>, 373 S.W.2d 66, (Tex. Civ.App., 1963 error ref. n.r.e.). Although Article 802e is a specific statute relating to the offense of a minor driving while intoxicated, and independent of the general civil provisions of Article 6687b, Section 24(a)(2), general and special statutes should be read together and harmonized if possible, to secure the general purpose and scope of legislation on that same subject matter. <u>Halsell v. Texas Water Commission</u>, 380 S.W.2d 1, (Tex.Civ.App., 1964, error ref. n.r.e.)

In reviewing the legislative history of Article 6687b, Article 802, and Article 802e, we find that the object and purpose of these statutes has been a series of repeated enactments by the legislature of more stringent statutes to provide safer highway travel in the face of an increasing number of accidents by individuals who drive while intoxicated. Attorney General Opinion M-673. Prior to passage of Article 802e, and its predecessor Article 802d, male juveniles under seventeen years of age were not subject to punishment for crimes but were subject only to the provisions of Article 2338-1, Vernon's Civil Statutes, which established juvenile courts and provided for trial procedure in juvenile delinquency cases. The predecessor of Article 802e, Article 802d, provided for automatic suspension of a minor's driver's license when the minor received final conviction. Attorney General Opinion V-1266 (1951).

Continuing the same legislative scheme, Article 802e provides for certain procedures which may be utilized by the judge after conviction, where the minor fails to pay the fine imposed by the court. Although the civil sanctions of Article 6687b for driving while intoxicated are generally separate and independent of the criminal penalties prescribed by Articles 802 and 802e, in our opinion by their relation to the same subject matter, these statutes are to be construed <u>in pari materia</u>. Cognizant of the legislative history of these statutes, we view the quoted emphasized language in Section 2, Article 802e, as granting power to the judge to suspend the operator's license under certain limited circumstances, and not as words restricting the automatic suspension under Section 24(a)(2), Article 6687b.

In the following circumstances, for example, the judge

-3370-

may suspend and take possession of the minor's driving license although suspension of his license also is automatic upon final conviction: First, where the minor refuses to pay the fine imposed upon conviction by the court, the judge may insure that the minor shall not ostensibly drive lawfully by suspending and taking possession of his license prior to the time the Texas Department of Public Safety requests the minor to physically surrender and deliver his operator's license. Secondly, where the minor continues to refuse payment of the fine after an automatic suspension resulting from final conviction expires, the judge may therefore suspend and take possession of the minor's driving license until the fine is paid. Other circumstances also may arise to invoke the power of the judge provided by Section 2 of Article 802e.

We find no basis in reason or legislative history for any contention that the language of Section 2, Article 802e was intended by implication to restrict automatic suspension of a minor's driving license where the conviction is final. No evidence exists that the legislature intended to allow the judge to thwart the separate and independent civil penalties imposed by Section 24(a)(2), Article 6687b, where a minor is found guilty and receives final conviction. Any contrary holding to allow automatic suspension would be tantamount to nullifying what we view as legislative intent to maintain stringent regulations for highway travel by those who drive while intoxicated, and would give rise to unequal treatment of drinking drivers based upon classification of age. Furthermore, such holding would negate the effect of Article 802e and lead to an absurd conclusion in light of the legislative history, object and purpose of these statutes in pari materia. The legislature must be presumed not to have done a useless, absurd or futile act. Brown v. Memorial Village Water Authority, 361 S.W.2d 453 (Tex.Civ.App., 1962, error ref. n.r.e.); State ex rel Childress v. Shelby County, 150 Tex. 238, 239 S.W.2d 777 (1951); Trimmer v. Carlton, 116 Tex. 572, 296 S.W. 1070 (1927).

It is, therefore, the opinion of this office that Section 24(a)(2), Article 6687b, Vernon's Civil Statutes, operates to automatically suspend a minor's driving license when the minor receives a final conviction for driving while intoxicated under Article 802e, Vernon's Penal Code.

SUMMARY

Section 24(a)(2). Article 6687b, Vernon's Civil Statutes, operates to automatically suspend a minor's driving license

when the minor receives final conviction for driving while intoxicated under Article 802e, Vernon's Penal Code.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Bennie W. Bock, II
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chariman
W. E. Allen, Co-Chairman

Ben Harrison
A. J. Gallerano
William J. Craig
James Quick

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant Attorney General