

# THE ATTORNEY GENERAL
# OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

August 30, 1972

Honorable Robert E. Stewart
Commissioner
Department of Banking
John H. Reagan Office Bldg.
Austin, Texas 78701

Opinion No. M-1203

Re: Whether certain described
secured real estate loans are
eligible for qualification as
70% loans under Article 4,
Subsection 2, Chapter V of
the Banking Code, and related
question?

Dear Mr. Stewart:

You have requested an opinion from this office which reads as
follows:

> "Article 4, subsection 2, chapter V of the
> Texas Banking Code reads in part: '. . . no
> state bank shall make a loan upon the security
> of real estate . . . unless:
>
> " '2. The total net balance owing upon the
> indebtedness secured by such lien:
>
> " '(a) does not exceed sixty percent (60%)
> of the appraised value of such real estate;
>
> " '(b) does not exceed seventy percent (70%)
> of the appraised value of such real estate and
> such loan or obligation provides for uniform
> monthly, quarterly, semi-annual or annual
> reductions of principal in such amounts as to
> retire the entire indebtedness within one hundred
> and eighty (180) months from the date of the
> bank's loan or investment. '
>
> "One of our state banks has made a real estate
> loan under the above articles of the Banking
> Code in the original principal amount of $200,000
> repayable as follows:

"The principal of this note is payable in two installments as follows:  The sum of $8, 000. 00 plus accrued interest shall be due and payable on or before six (6) months after date; and the unpaid principal balance of $192, 000. 00 plus accrued interest due thereon shall be due and payable on or before one (1) year after date hereof.

"The bank has made an additional loan to another borrower in the original principal amount of $214, 000 repayable as follows:

"The principal of this note is payable in two installments as follows:  One installment of $8, 560. 00 plus accrued interest being due and payable on or before six months after date hereof, and the unpaid principal balance of $205, 440. 00 plus accrued interest thereon shall be due and payable on or before one year after date hereof.

"The funds advanced in each case are in excess of 60% but less than 70% of the appraised value of the property securing the note.  In an examination of the bank, the loans were criticized by the examiners as 'Loans made in excess of the percentage of appraised value as prescribed in subsection 2, article 4, chapter V, Texas Banking Code of 1943 . . .'  The examiners' position is that the mode of repayment above quoted does not provide for 'uniform monthly, quarterly, semi-annual or annual reductions of principal . . .' as required by subsection 2, and that the loans are consequently ineligible for qualification as 70% loans.  . . ."

It can be seen that a literal interpretation of the provision of Section 2(b) of Article 342-504 under consideration would require that every real estate loan made by a state bank under this provision must provide for uniform monthly, quarterly, semi-annual or annual reductions of principal in such an amount as to retire the entire indebtedness within one hundred and eighty (180) months from the date of the bank's loan or investment.

However, we must construe Article 342-504 in pari materia with Article 342-511, infra, which provides for an exception to the provisions of Article 342-504, 53 Tex. Jur. 2d 280, Statutes, Sec. 186.

Article 342-511, Revised Civil Statutes of Texas, provides:

> "Any provision of this Code to the contrary notwithstanding, any state bank may make any loan or investment which such bank could make were it operating as a national bank, and the making of such loan or investment shall not constitute a violation of any penal provision of the statutes of the State." (Emphasis added)

Under the interpretive rulings on loans secured by real estate for national banks, for one year real estate loans, (Comptroller's Manual for National Banks) it is stated:

> "A real estate loan of not more than one year meets the amortization requirements of 12 U.S.C. 371 although no reduction of principal is required before maturity. Any renewal must qualify with the amortization requirements set forth above."

It therefore appears that a national bank can make a real estate loan for a term of one year, with or without a reduction of principal before maturity.

We are of the opinion that if a real estate loan or investment is made for a period not exceeding one year, and the note provides for a payment on or before 6 months from date of a specified sum, plus accrued interest, with the unpaid principal balance plus accrued interest due and payable on or before one (1) year after date, that such loan would not violate the provisions of Section 2(b) of Article 342-504, Revised Civil Statutes. However, any renewal of such loan must require uniform monthly, quarterly, semi-annual or annual payments, as such loan would then become an installment loan.

In reaching this conclusion, we have harmonized the statutes so as to carry out the full legislative intent. Trinity Universal Ins. Co. vs. McLaughlin, 373 S. W. 2d 66, 69 (Tex. Civ. App. 1963, error ref. n.r.e.)

This conforms with the interpretive rulings on loans secured by real estate for national banks for a period of time of one (1) year or less and Article 342-511, supra.

## SUMMARY

Under the provisions of Article 342-511, Revised Civil Statutes of Texas and the Comptroller's Interpretive Rulings on one (1) year real estate loans, a one (1) year real estate loan providing for an interim payment on or before 6 months from date of a specified sum, plus accrued interest, with the unpaid principal balance, due and payable on or before one (1) year after date, meets the requirements of Section 2(b) of Article 342-504, Revised Civil Statutes of Texas. However, any renewal of such loan must require uniform monthly, quarterly, semi-annual or annual payments.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John H. Banks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Bill Flanary
Fisher Tyler
Z. T. Fortescue
Ben Harrison

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant