

# The Attorney General of Texas

December 13, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1 Commerce, Suite 200
Dallas, TX 75202
4/742-8944

24 Alberta Ave., Suite 160
Paso, TX. 79905
5/533-3484

1 Main, Suite 610
uston, TX. 77002
3/226-0701

Broadway, Suite 312
ibbock, TX. 79401
, 747-5238

3 N. Tenth, Suite F
Allen, TX. 78501
?-682-4547

Main Plaza, Suite 400
n Antonio, TX 78205
· 225-4191

Equal Opportunity/
irmative Action Employer

Honorable George W. Strake, Jr.
Secretary of State
Office of the Secretary of State
Austin, Texas 78711

Opinion No. MW-99

Re: Incorporation of local record-
ing agents, life insurance agents,
and physical therapists under the
Texas Professional Corporation
Act.

Dear Mr. Strake:

You ask several questions regarding incorporation under the Texas Professional Corporation Act, V.T.C.S. art. 1528e. Your first question is as follows:

> Can the Secretary of State approve articles of
> incorporation pursuant to the Texas Professional
> Corporation Act that have as a purpose the authority
> to act as a local recording agent under the Texas
> Insurance Code?

Article 21.14 of the Texas Insurance Code, which provides for the licensing of local recording agents, was amended by the sixty-sixth legislature to permit issuance of a license to "a Texas Corporation organized or existing under the Texas Business Corporation Act or the Texas Professional Corporation Act. . . ." Ins. Code art. 21.14, § 3(c)(1); Acts 1979, 66th Leg., ch. 800, at 2043. Prior to this amendment, a license for a local recording agent could be issued only to a corporation organized or existing under the Texas Business Corporation Act (TBCA). Acts 1969, 61st Leg., ch. 225, § 3, at 668.

A corporation may not be organized under the TBCA if it engages in any activity which requires a license from the state and if a corporation may not hold such a license. Tex. Bus. Corp. Act. Ann., art. 2.01B(2). The learned professions could not, as a general matter, incorporate under the TBCA and thus could not derive the tax advantages of doing business in corporate form. See Hall, Professional Incorporation in Texas — A Current Look, 48 Tex. L. Rev. 84 (1969). In 1969 the legislature enacted the Texas Professional Corporation Act (TPCA), V.T.C.S. art. 1528e, effective January 1, 1970. The TPCA authorized the formation of corporations to

render a "professional service," defined as any personal service which cannot be rendered without obtaining a license and which could not legally be performed by a corporation prior to the passage of the TPCA. V.T.C.S. art. 1528e, § 3. Corporations could be licensed as local recording agents prior to the effective date of article 1528e, and thus the TBCA was the appropriate statute for incorporation of local recording agents.

The recent amendment to article 21.14 of the Insurance Code permits issuance of a license to corporations organized under the TPCA for the purpose of acting as local recording agents. In our opinion, this amendment should be construed as an authorization for local recording agents to incorporate under the TPCA. In Attorney General Opinion M–551 (1970) this office construed the following amendment to the architecture statute, V.T.C.S. art. 249a, as specifically authorizing the profession of architecture to be performed by a corporation:

> A firm, partnership or corporation carrying on the practice of professional engineering ... may engage in the practice of architecture in this State. ...

Acts 1969, 61st Leg., ch. 802, § 8, at 2380. This language was held to authorize the practice of architecture under the TBCA, despite language in the TPCA making that statute expressly applicable to architecture. V.T.C.S. art. 1528e, § 3(a); Attorney General Opinion M–551 (1970). See also R. Hamilton, Corporations and Partnerships, 24 Sw. L. J. 91, 98 (1970). Construed as authorization for incorporation of local recording agents under the TPCA, section 3(c)(1) of article 21.14 becomes an exception to the general proviso making the TPCA inapplicable to professions which could incorporate under the TBCA prior to 1970. In case of conflict between a general provision and a special provision dealing with the same subject, the former is controlled by the latter. Trinity Universal Ins. Co. v. McLaughlin, 373 S.W.2d 66 (Tex. Civ. App. — Austin 1963), reh. den., 374 S.W.2d 350, no writ. Moreover, the amendment to article 21.14, as the more recently enacted statute, prevails in the event of conflict with earlier enacted provisions. State v. Easeley, 404 S.W.2d 296 (Tex. 1966). In answer to your first question, you are authorized to approve articles of incorporation pursuant to the Texas Professional Corporation Act for performance as a local recording agent under the Texas Insurance Code.

Your second question is as follows:

> Can the Secretary of State approve articles of incorporation pursuant to the Texas Professional Corporation Act that have as a purpose the authority to act as a life insurance agent under the Texas Insurance Code?

The sixty-sixth legislature amended section 4(d) of article 21.07–1 of the Texas Insurance Code to allow the licensing as a life insurance agent of a corporation formed under the Texas Professional Corporation Act as well as one formed under the Texas Business Corporation Act. Prior to the enactment of the TPCA, corporations could not be licensed as life insurance agents. See Acts 1955, 54th Leg., ch. 213, § 4(d), at 623.

However, article 2L07-1 was amended in 1977 to allow the licensing of corporations formed under the TBCA. Acts 1977, 65th Leg., ch. 579, § 5, at 1428. Now the 1979 amendment to article 2L07-1 allows the licensing of corporations formed under the TPCA. In our opinion, the Secretary of State may approve articles of incorporation pursuant to the TPCA for the purpose of serving as a life insurance agent under the Texas Insurance Code. Service as a life insurance agent fits the definition of "professional service" under section 3(a) of article 1528e, V.T.C.S. It cannot be rendered without obtaining a license, see Ins. Code art. 2L07-1, § 3, and prior to the enactment of the TPCA, it could not be performed by a corporation. Moreover, the reasoning relied upon in our answer to your first question also requires an affirmative answer to your second question.

Your third question is as follows:

> Should a corporation having as a purpose the authority to act as a physical therapist be incorporated under the Texas Professional Corporation Act or the Texas Business Corporation Act?

When the TPCA was enacted, physical therapists were not required to be licensed in Texas and your office allowed their incorporation under the TBCA. Since January 1, 1972, physical therapists have been required to be licensed by the Texas Board of Physical Therapy Examiners. See V.T.C.S. art. 4512e; Acts 1971, 62nd Leg., ch. 836, §§ 8, 18, at 2542. Your office informs us that physical therapists have incorporated under both the TPCA and the TBCA.

In our opinion, the Texas Professional Corporation Act is the appropriate statute under which physical therapists should incorporate. The definition of "professional service" in the TPCA consists of two parts: (1) any type of personal service which cannot be rendered without obtaining a license and (2) which prior to the passage of the TPCA could not by reason of law be performed by a corporation. In our opinion, these two conditions are linked so that the second condition is premised upon the assumption that licensing was required of a particular profession prior to the passage of the TPCA. The professions listed as examples in section 3 of article 1528e were all licensed professions prior to the enactment of the TPCA. See, e.g., V.T.C.S. art. 305; Acts 1919, 36th Leg., ch. 38, at 63 (attorneys); V.T.C.S. art. 41a, § 8; Acts 1945, 49th Leg., ch. 315, at 517 (certified public accountants); V.T.C.S. arts. 4548, 4548a; Acts 1919, 36th Leg., ch. 31, at 50 (dentists); V.T.C.S. art. 7465a, § 4; Acts 1953, 53rd Leg., ch. 342, at 844 (veterinarians). We do not believe the second condition is applicable to professions which could be practiced without a license prior to the enactment of the TPCA. Therefore, the fact that physical therapists could incorporate prior to the enactment of the TPCA would not prevent them from incorporating under that statute.

Physical therapists may not now, in our opinion, incorporate under the TBCA. They are within the article 2.01B(2) exclusion to that statute because they engage in an activity which requires a license and the license cannot be granted a corporation. An examination of article 4512e, V.T.C.S., indicates that a physical therapist license may be issued only to individual applicants and not corporations. See §§ 3, 8, 13, 19. See also Attorney General Opinion H-442 at 5 (1974). Thus, they may no longer be incorporated under the TBCA.

Your final question is as follows:

> If a corporation may be formed for a purpose authorized under the Texas Business Corporation Act, is the formation of a corporation under the Texas Professional Corporation Act for that same purpose necessarily prohibited by the Texas Professional Corporation Act?

We believe that the TBCA and the TPCA were intended to be mutually exclusive when the latter statute was enacted. In prior opinions, this office has treated them as mutually exclusive. Attorney General Opinion H-442 (1974) states as follows:

> This Office has held that by virtue of these provisions, after the effective date of the TPCA, any profession except the practice of medicine can be incorporated and the services can be performed by a professional corporation. Attorney General Opinion No. M-551 (1970). The only question is under which act may those engaged in a particular activity incorporate.

The construction of the TPCA which we adopted in answering your question concerning the incorporation of physical therapists is based on the assumption that professions will be able to incorporate under one or the other of the two statutes. However, as our answers to your first two questions show, the TBCA and the TPCA are no longer mutually exclusive. The legislature clearly has the power to change the mutually exclusive character of the two statutes, and we believe it has done so in its amendments to the Insurance Code. See Watts v. Mann, 187 S.W.2d 917 (Tex. Civ. App. — Austin, writ ref'd) (one legislature cannot bind its successors). In the absence of express language like that included in the recent amendments to the Insurance Code, we believe the mutually exclusive character of the two statutes persists.

## SUMMARY

> The Secretary of State may approve articles of incorporation pursuant to the Texas Professional Corporation Act that have as a purpose the authority to act as a local recording agent or a life insurance agent under the Texas Insurance Code. Physical therapists may incorporate under the Texas Professional Corporation Act but not under the Texas Business Corporation Act. The Texas Business Corporation Act and the Texas Professional Corporation Act are as a general matter mutually exclusive, but the legislature has acted to permit specific professions to incorporate under either statute.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Bob Gammage
Susan Garrison
Rick Gilpin
Tom Pollan
William G Reid
Nancy Ricketts
Bruce Youngblood