

# The Attorney General of Texas

June 5, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Mike Westergren
Nueces County Attorney
Nueces County Courthouse
Corpus Christi, Texas 78401

Opinion No. MW-190

Re: Membership and compensation of the juvenile board of Nueces County.

Dear Mr. Westergren:

You ask two questions regarding the composition and compensation of the juvenile board for Nueces County. Both questions concern the resolution of apparent conflicts between article 1926a, V.T.C.S., the Family District Court Act, and article 5139BBB, V.T.C.S., which creates the Nueces County juvenile board.

Section 1.07(a) of article 1926a, V.T.C.S., provides in pertinent part:

> Except as otherwise provided in this section, when a family district court is created in a county, that county's juvenile board is composed of the county judge, the family district court judge or judges, the district judge or judges whose jurisdiction includes the county, and the judges of all other courts in the county having jurisdiction over juvenile matters.

Article 5139BBB, V.T.C.S., provides as follows:

> Section 2. The juvenile board is composed of the judges of the district courts having jurisdiction in Nueces County, the county judge, and the judges of any courts of domestic relations having jurisdiction in Nueces County.

You first ask whether article 1926a, V.T.C.S., repeals the quoted portion of article 5139BBB, V.T.C.S. Since the Court of Domestic Relations for Nueces County has been renamed the Family District Court, V.T.C.S. article 1926a, section 2.20, the only difference between the two provisions is the inclusion under article 1926a, section 1.07(a) of "the judges of all other courts in the county having jurisdiction over juvenile matters." Section 1.07(e) of article 1926 provides as follows:

> This Act does not affect the composition or organization of any juvenile board existing on the effective date of the Act, except that the judges of the courts of domestic relations and of the juvenile courts are replaced by the family district court judges.

Article 5139BBB, V.T.C.S., was enacted in 1971, while article 1926a, V.T.C.S., was enacted in 1977. See Acts 1971, 62nd Leg., ch. 64, at 679 and Acts 1977, 65th Leg., ch. 859, at 2144. Thus, article 1926a ,V.T.C.S. ,does not affect the composition of the juvenile board of Nueces County by virtue of the express statement in section 1.07(e).

You ask about the effect of the recently enacted article 2338-1.1, V.T.C.S., which establishes in County Courts at Law jurisdiction over juvenile matters when they have been so designated. See Family Code § 51.04(b) (designation provision). When a county court at law judge is given jurisdiction over juvenile matters pursuant to article 2338-1.1, V.T.C.S., he would be a member of the juvenile board described by article 1926a, V.T.C.S. However, we do not believe he would be a member of the Nueces County juvenile board. The composition of that board was not affected by the enactment of article 1926a,V.T.C.S. , Article 2338-1.1 ,V.T.C.S. does not in itself place any county court at law judge on a juvenile board but merely permits him to fit into the category in article 1926a, V.T.C.S., of "judges of all other courts in the county having jurisdiction over juvenile matters." Art. 1926a, b, 107(a) V.T.C.S. Since article 5139BBB, V.T.C.S., does not include such a category, the county court at law judge who has been designated a juvenile judge, does not become a member of the Nueces County juvenile board.

You next ask whether article 1926a, V.T.C.S., repeals that portion of article 5139BBB, V.T.C.S., establishing a ceiling of $8,000 for compensation of members of the Juvenile Board. Article 1926a V.T.C.S. provides as follows:

> The commissioners court may compensate juvenile board members for their duties performed on the juvenile board beyond such compensation as is otherwise provided for by law, and this compensation is in addition to all other compensation paid by the state or county to district, family district, and county judges.

Art. 1926 Sec. 1.07(c),V.T.C.S. This provision was enacted in 1977. See Acts 1977, 65th Leg., ch. 859, at 2144. Section 15 of article 5139BBB, V.T.C.S. was amended in 1977 to provide that the members of the Nueces County Juvenile Board would receive "additional annual compensation of not less than $4,200 nor more than $8,000, as determined by the commissioners court." See Acts 1977, 65th Leg., ch. 706, at 1758. In our opinion, article 5139BBB ,V.T.C.S. controls as the more specific statute. Trinity Universal Ins. Co. v. McLaughlin, 373 S.W.2d 66 (Tex. Civ. App. — Austin 1963, writ ref'd n.r.e.). Thus, the ceiling of $8,000 is applicable to annual compensation paid the Nueces County juvenile board by the commissioners court.

## S U M M A R Y

The compensation and composition of the Nueces County juvenile board is governed by article 5139BBB, V.T.C.S.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jim Allison
Susan Garrison
Rick Gilpin