

# The Attorney General of Texas

April 8, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable George W. Strake, Jr.
Secretary of State
State Capitol
Austin, Texas 78711

Opinion No. MW-163

Re: Fees charged by Secretary of State.

Dear Mr. Strake:

You request our opinion advising you which statute or statutes prescribe the fees to be charged by your office in each of the following situations:

> 1a Furnishing uncertified copies of financing statements filed with the Secretary of State pursuant to Chapter 9 of the Texas Business and Commerce Code.
>
> 1b Furnishing certified copies of the same.
>
> 2a Furnishing uncertified copies of articles of incorporation filed with the Secretary of State pursuant to the Texas Business Corporation Act.
>
> 2b Furnishing certified copies of the same.
>
> 3a Furnishing uncertified copies of any agency record of the Secretary of State.
>
> 3b Furnishing certified copies of the same.

There are several statutes which establish fees to be collected by your office for furnishing documents. See, e.g., V.T.C.S. arts. 3913, 3914; Bus. & Comm. Code §§ 9.407(b); 35.06. The Secretary of State's office is also subject to the Open Records Act, V.T.C.S. article 6252-17a, which states in section 9 that the cost of noncertified photocopies of public records shall not be excessive. It provides that the Board of Control shall publish cost figures to aid agencies in determining charges under the Act. However, where another statute sets a fee for providing a specific document to a member of the public, your office should charge the statutorily established fee and not use the fee schedule prepared by the Board of Control. Attorney

General Opinion H–560 (1975) (fee schedule in article 3918, V.T.C.S., not repealed by Open Records Act). In case of conflict between a general provision and a specific provision dealing with the same subject, the specific provision prevails. Trinity Universal Insurance Company v. McLaughlin, 373 S.W.2d 66 (Tex. Civ. App. — Austin 1963), motion for rehearing overruled, 374 S.W.2d 350 (Tex. Civ. App. — Austin 1963).

Your first question concerns furnishing uncertified copies of financing statements filed with your office pursuant to chapter 9 of the Texas Business and Commerce Code. Section 9.407 of the Code provides as follows:

> (b) ... Upon request the filing officer shall furnish a copy of any filed financing statement or statement of assignment for a uniform fee of $1.00 per page, but not less than $5.00 per request concerning a debtor.

This provision establishes a fee of one dollar per page for uncertified copies of financing statements. Article 3913, V.T.C.S., establishes charges for certified copies of records in your office. The charge is one dollar per page for copies by photo process, and $1.50 per page for copies by another process.

You next inquire about charges for articles of incorporation filed with your office pursuant to the Texas Business Corporation Act. In our opinion, the fees established by article 3913, V.T.C.S., apply to certified copies of articles of incorporation. Article 3914, V.T.C.S., establishes a fee of fifty cents per legal size page for copies of any paper, document, or record in your office. We believe this fee applies to uncertified copies of articles of incorporation on legal size paper. However, since article 3914, V.T.C.S., does not establish fees for uncertified copies on letter size paper, we believe you should charge for them the fees established by the Board of Control under the Open Records Act.

Your third question concerns furnishing copies of records generated by or pertaining to your office, in contrast to those filed there by members of the public. We believe article 3914, V.T.C.S., established the fees for uncertified copies of agency records on legal size paper. We believe the fee schedule established by the Board of Control under the Open Records Act would apply to letter size copies. We note finally that you may not charge other state agencies for copies of documents in your office which are required in the performance of their official duties. V.T.C.S. art. 3913.

## SUMMARY

> The Secretary of State should as a general matter charge the fees set by statute for furnishing copies of documents in this office rather than using the fee schedule prepared by the Board of Control pursuant to the Open Records Act. Article 3913, V.T.C.S., establishes the fees for certified copies of documents. Section 9.407(b) of the Business and Commercial Code establishes the fee for an uncertified copy of a financing statement filed pursuant to

that code.    Article 3914, V.T.C.S., establishes the fee for uncertified copies of articles of incorporation and of your agency records on legal size paper.  The fees established by the Board of Control should be charged for uncertified copies of these documents on letter size paper.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Susan Garrison
Rick Gilpin
Terry Goodman
Peter Nolan
Bruce Youngblood