

# The Attorney General of Texas

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

December 2, 1985

Honorable Henry Wade
Criminal District Attorney
Condemnation Section
Services Building
Dallas, Texas    75202

Opinion No. JM-385

Re: Whether a county purchasing agent may contract with a non-profit agency for blind or severely handicapped persons without taking competitive bids

Dear Mr. Wade:

You inform us that a nonprofit agency for the blind or severely handicapped persons has requested a contract to perform janitorial services for the county. In that regard, the Dallas County Purchasing Agent has asked:

> Whether Dallas County may contract with a nonprofit agency for the blind or severely handicapped persons without taking competitive bids thereon?

A county governmental body has only the powers conferred either expressly or by necessary implication by the constitution or statutes of this state. See Tex. Const. art. V, §18; Canales v. Laughlin, 214 S.W.2d 451, 453 (Tex. 1948). County contracts are now governed by the County Purchasing Act. See Acts 1985, 69th Leg., ch. 641, at 4897. Section 3(a) of this recent enactment provides in part:

> Before a county may purchase one or more items under a contract that will require an expenditure exceeding $5,000, the commissioners court of the county must comply with the competitive bidding or competitive proposal procedures prescribed by this Act. . . . (Emphasis added).

Acts 1985, 69th Leg., ch. 641, §3(a), at 4898. The term "item" has been defined in the act to include services. See Acts 1985, 69th Leg., ch. 641, §2(3), at 4898. The purpose of the act is to provide for the requirements of competitive bidding, exceptions, notice, bond requirements, and changes in plans and specifications of a contract with a county.

Chapter 122 of the Human Resources Code governs contracts involving a nonprofit agency for the blind or severely handicapped individuals. See Hum. Res. Code §122.001 et seq. Section 122.014 provides:

> A product manufactured for sale to a political subdivision of this state or an office or department thereof shall be manufactured or produced according to specifications developed by the purchaser. A political subdivision of this state may purchase products or services for its use from private businesses through its authorized purchasing procedures, but may substitute equivalent products or services produced by blind or other severely disabled persons under the provisions of this chapter. Nothing in this chapter shall be construed to require a nonprofit agency for blind or other severely disabled persons to engage in competitive bidding. (Emphasis added).

Hum. Res. Code §122.014. Consequently, there appears to be a conflict between the County Purchasing Act, which requires competitive bidding and section 122.014 of the Human Resources Code which prohibits a county from requiring a nonprofit agency for the blind or other severely handicapped persons to engage in the competitive bidding process as a prerequisite to an award of a county contract.

An applicable rule of statutory construction is that, where one statute deals with a subject of general terms and another deals with a part of the same subject in a more detailed way, the two should be harmonized if possible, and if there is a conflict, the more specific will prevail. See Trinity Universal Insurance Company v. McLaughlin, 373 S.W.2d 66 (Tex. Civ. App. - Austin 1963), reh'g denied, 374 S.W.2d 350 (Tex. Civ. App. - Austin 1963, no writ); see also C. Sands, Sutherland Statutory Construction §51.05 (4th ed. 1984). The County Purchasing Act is a general statutory enactment governing the purchasing procedures of counties; whereas, section 122.014 is a special provision governing purchases of political subdivisions involving a nonprofit agency for the blind or other severely handicapped persons. Therefore, we conclude that a county is not required to comply with the competitive bidding procedure outlined in the County Purchasing Act when the contract involves a nonprofit agency for the blind or severely handicapped persons.

In applying section 122.014 of the Human Resources Code, the county must employ the procedure outlined in chapter 122 in order to ascertain what constitutes "equivalent products or services" as those terms are used in the provision. The legislature has established the Texas Committee on Purchases of Products and Services of Blind and

Severely Disabled Persons to determine the fair market price of all products and services manufactured or provided by these individuals. See Hum. Res. Code §§122.001, 122.004, 122.012. The nonprofit agency must be organized under state law and recognized by the State Commission for the Blind or the Texas Rehabilitation Commission in order to participate. Hum. Res. Code §122.004(a). Once the "equivalent value" has been determined, the county governing body, in its discretion, may substitute the products or services of the nonprofit agency for those provided by private businesses which have participated in the competitive bidding process as outlined in the County Purchasing Act. In no event should the county require the nonprofit agency to compete in the competitive bidding process with the private businesses in order to be awarded a contract. See Hum. Res. Code §122.014.

## S U M M A R Y

A county is not required to comply with the competitive bidding procedure outlined in the County Purchasing Act when the contract involves a nonprofit agency for the blind or severely handicapped persons. However, the county must comply with section 122.014 of the Human Resources Code before awarding a contract to these nonprofit agencies.

Very truly yours

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tony Guillory
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton
Sarah Woelk