Honorable David H. Cain Chairman Committee on Transportation Texas House of Representatives P.O. Box 12068 Austin, Texas 78769
Re: Whether an unincorporated association insurance carrier organized under the Texas Lloyd's plan may serve as a "corporate surety" under article 5160.A, V.T.C.S. (RQ-1308)
Dear Representative Cain:
You ask whether an unincorporated association insurance carrier organized under the Texas Lloyd's Plan, Insurance Code, article18.01 et seq., can serve as a "corporate surety" in providing a performance and a payment bond when required by article 5160.A, V.T.C.S. We conclude not.
Article 5160.A provides as follows (emphasis added):
 Any person or persons, firm, or corporation, hereinafter referred to as "prime contractor," entering into a formal contract in excess of $25,000 with this State, any department, board or agency thereof; or any county of this State, department, board or agency thereof; or any municipality of this State, department, board or agency thereof; or any school district in this State, common or independent, or subdivision thereof; or any other governmental or quasi-governmental authority whether specifically named herein or not, authorized under any law of this State, general or local, to enter into contractual agreements for the construction, alteration or repair of any public building or the prosecution or completion of any public work, shall be required before commencing such work to execute to the aforementioned governmental authority or authorities, as the case may be, the statutory bonds as hereinafter prescribed, but no governmental authority may require a bond if the contract does not exceed the sum of $25,000. Each such bond shall be executed by a corporate surety or corporate sureties duly authorized to do business in this State. In the case of contracts of the State or a department, board, or agency thereof, the aforesaid bonds shall be payable to the State and shall be approved by the Attorney General as to form. In case of all other contracts subject to this Act, the bonds shall be payable to the governmental awarding authority concerned, and shall be approved by it as to form. Any bond furnished by any prime contractor in an attempted compliance with this Act shall be treated and construed as in conformity with the requirements of this Act as to rights created, limitations thereon, and remedies provided.
 (a) A Performance Bond in the amount of the contract conditioned upon the faithful performance of the work in accordance with the plans, specifications, and contract documents. Said bond shall be soley for the protection of the State or the governmental authority awarding the contract, as the case may be.
 (b) A Payment Bond, in the amount of the contract, solely for the protection of all claimants supplying labor and material as hereinafter defined, in the prosecution of the work provided for in said contract, for the use of each such claimant.
By its terms, as set forth in the underscored sentence, article 5160.A requires a bond to be executed by a "corporate" surety.
Article 18.01 of the Insurance Code, however, provides as follows (emphasis added):
 Individuals, partnerships or associations of individuals, hereby designated "underwriters," are authorized to make any insurance, except life insurance, on the Lloyd's plan, by executing articles of agreement expressing their purpose so to do and complying with the requirements set forth in this chapter.
Article 18.03 of the Insurance Code delineates the meaning of "any insurance" by providing (emphasis added):
 The attorney shall file with the Board of Insurance Commissioners a verified application for license setting forth and accompanied by:
. . . .
 (c) The kinds of insurance to be effected, which kinds of insurance may be as follows:
. . . .
7. Fidelity and surety bonds insurance.
. . . .
Thus, by its terms, the Insurance Code authorizes a Lloyd's company to write "fidelity and surety bonds insurance."
Article 5160.A and the Insurance Code are in apparent conflict. In the case of an apparent conflict between a general provision and a special provision, the statutes must be read together and harmonized if possible. Halsell v. Texas Water Commission,380 S.W.2d 1, 15 (Tex.Civ.App.-Austin 1964, writ ref'd n.r.e.). In doing so, the general provision is controlled or limited by the special provision. See Trinity Universal Ins. Co. v. McLaughlin,373 S.W.2d 66, 69 (Tex.Civ.App.-Austin), reh'g denied,374 S.W.2d 350 (1963). As between article 5160.A and the Insurance Code, the special requirement of a corporate surety therefore controls or limits the general authorization of a Lloyd's company to write fidelity and surety bond insurance. Put another way: Although the legislature has authorized Lloyd's companies to write fidelity and surety bond insurance, the legislature requires a corporate surety when public work is concerned.
This conclusion is supported by the date of enactment of each statute. The provision for Lloyd's companies to write "fidelity and surety bond insurance" became law in 1921. Acts 1921, 37th Leg., ch. 127, §§ 1 3, at 238. The requirement that a "corporate surety" stand behind both a performance bond and a payment bond on behalf of a contractor doing public work became law in 1959. Acts 1959, 56th Leg., ch. 93, § 1, at 155. The legislature is presumed to have known when it required a corporate surety that it had earlier authorized Lloyd's companies to write fidelity and surety bond insurance. See Garner v. Lumberton Ind. Sch. Dist.,430 S.W.2d 418, 423 (Tex.Civ.App.-Austin 1968, no writ). The legislature is also presumed to have intended to use the word "corporate" for a purpose. See Cameron v. Terrel Garrett, Inc.,618 S.W.2d 535, 540 (Tex. 1981). Thus we can only conclude that the special requirement of 1959 for a corporate surety for public works controls over the general authorization in 1921 for a Lloyd's company to write fidelity and surety bond insurance. See State v. Easley, 404 S.W.2d 296, 300 (Tex. 1966); Halsell v. Texas Water Commission, supra, 380 S.W.2d at 15.
 SUMMARY
The requirement in article 5160.A of a bond executed by a "corporate surety" authorized to do business in Texas is not satisfied by surety bond insurance issued by a Lloyd's company authorized to do business in Texas.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lous McCreary Executive Assistant Attorney General
 Judge Zollie Steakly Special Assistant Attorney General
 Rick Gilpin Chairman Opinion Committee
 Prepared by F. Scott McCown Assistant Attorney General