

# THE ATTORNEY GENERAL
## OF TEXAS

June 24, 1988

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable David H. Cain
Chairman
Committee on Transportation
Texas House of Representatives
P. O. Box 12068
Austin, Texas 78769

Opinion No. JM-923

Re: Whether an unincorporated association insurance carrier organized under the Texas Lloyd's plan may serve as a "corporate surety" under article 5160.A, V.T.C.S. (RQ-1308)

Dear Representative Cain:

You ask whether an unincorporated association insurance carrier organized under the Texas Lloyd's Plan, Insurance Code, article 18.01 et seq., can serve as a "corporate surety" in providing a performance and a payment bond when required by article 5160.A, V.T.C.S. We conclude not.

Article 5160.A provides as follows (emphasis added):

> Any person or persons, firm, or corporation, hereinafter referred to as "prime contractor," entering into a formal contract in excess of $25,000 with this State, any department, board or agency thereof; or any county of this State, department, board or agency thereof; or any municipality of this State, department, board or agency thereof; or any school district in this State, common or independent, or subdivision thereof; or any other governmental or quasi-governmental authority whether specifically named herein or not, authorized under any law of this State, general or local, to enter into contractual agreements for the construction, alteration or repair of any public building or the prosecution or completion of any public work, shall be required before commencing such work to execute to the aforementioned governmental authority or authorities, as the case may be, the

statutory bonds as hereinafter prescribed, but no governmental authority may require a bond if the contract does not exceed the sum of $25,000. <u>Each such bond shall be executed by a corporate surety or corporate sureties duly authorized to do business in this State</u>. In the case of contracts of the State or a department, board, or agency thereof, the aforesaid bonds shall be payable to the State and shall be approved by the Attorney General as to form. In case of all other contracts subject to this Act, the bonds shall be payable to the governmental awarding authority concerned, and shall be approved by it as to form. Any bond furnished by any prime contractor in an attempted compliance with this Act shall be treated and construed as in conformity with the requirements of this Act as to rights created, limitations thereon, and remedies provided.

(a) A Performance Bond in the amount of the contract conditioned upon the faithful performance of the work in accordance with the plans, specifications, and contract documents. Said bond shall be solely for the protection of the State or the governmental authority awarding the contract, as the case may be.

(b) A Payment Bond, in the amount of the contract, solely for the protection of all claimants supplying labor and material as hereinafter defined, in the prosecution of the work provided for in said contract, for the use of each such claimant.

By its terms, as set forth in the underscored sentence, article 5160.A requires a bond to be executed by a "corporate" surety.

Article 18.01 of the Insurance Code, however, provides as follows (emphasis added):

Individuals, partnerships or associations of individuals, hereby designated "underwriters," are authorized to make <u>any insurance</u>, except life insurance, on the Lloyd's plan, by executing articles of agreement expressing their purpose so to do and com-

plying with the requirements set forth in
this chapter.

Article 18.03 of the Insurance Code delineates the meaning
of "any insurance" by providing (emphasis added):

The attorney shall file with the Board of
Insurance Commissioners a verified applica-
tion for license setting forth and
accompanied by:

. . . .

(c) The kinds of insurance to be effected,
which kinds of insurance may be as follows:

. . . .

7.   Fidelity and surety bonds insurance.

. . . .

Thus, by its terms, the Insurance Code authorizes a Lloyd's
company to write "fidelity and surety bonds insurance."

Article 5160.A and the Insurance Code are in apparent
conflict. In the case of an apparent conflict between a
general provision and a special provision, the statutes must
be read together and harmonized if possible. Halsell v.
Texas Water Commission, 380 S.W.2d 1, 15 (Tex. Civ. App. -
Austin 1964, writ ref'd n.r.e.).  In doing so, the general
provision is controlled or limited by the special provision.
See Trinity Universal Ins. Co. v. McLaughlin, 373 S.W.2d 66,
69 (Tex. Civ. App. - Austin), reh'g denied, 374 S.W.2d 350
(1963).  As between article 5160.A and the Insurance Code,
the special requirement of a corporate surety therefore
controls or limits the general authorization of a Lloyd's
company to write fidelity and surety bond insurance.  Put
another way:  Although the legislature has authorized
Lloyd's companies to write fidelity and surety bond
insurance, the legislature requires a corporate surety when
public work is concerned.

This conclusion is supported by the date of enactment
of each statute.  The provision for Lloyd's companies to
write "fidelity and surety bond insurance" became law in
1921.  Acts 1921, 37th Leg., ch. 127, §§ 1 & 3, at 238.  The
requirement that a "corporate surety" stand behind both a
performance bond and a payment bond on behalf of a
contractor doing public work became law in 1959.  Acts 1959,
56th Leg., ch. 93, § 1, at 155.  The legislature is presumed

to have known when  it required a  corporate surety that  it had earlier authorized Lloyd's  companies to write  fidelity and surety  bond insurance.  See Garner  v. Lumberton  Ind. Sch. Dist., 430  S.W.2d 418,  423 (Tex. Civ.  App. - Austin 1968, no writ).  The legislature is  also presumed to  have intended to use  the word  "corporate" for  a purpose.  See Cameron v. Terrel & Garrett, Inc., 618 S.W.2d 535, 540 (Tex. 1981).  Thus  we  can  only  conclude  that  the  special requirement of 1959 for a corporate surety for public  works controls over  the  general  authorization  in  1921  for  a Lloyd's company to write fidelity and surety bond insurance. See State  v.  Easley,  404 S.W.2d  296,  300 (Tex. 1966); Halsell v. Texas Water Commission, supra, 380 S.W.2d at 15.

### S U M M A R Y

The requirement  in  article 5160.A  of  a bond executed by a "corporate surety" author- ized to do business in Texas is not satisfied by surety bond insurance issued by a  Lloyd's company authorized to do business in Texas.

Very truly yours

J I M   M A T T O X
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by F. Scott McCown
Assistant Attorney General